**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RASUL TAGIROV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-3-JD** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Rasul Tagirov, a noncitizen[2] and Kyrgyzstani national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Jodi W. Dishman referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned ordered Petitioner to cure deficiencies in his initial petition, and Petitioner timely filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition"), Doc. 7. The undersigned then set an expedited briefing schedule, Doc. 11, and the Amended Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court deny the Amended Petition, Doc. 7.

---

[1] David Venturella was announced as Acting Director of U.S. Immigration and Customs Enforcement on June 1, 2026. He replaces Todd Lyons and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

I.      **Factual and Procedural Background**

Petitioner, a native of Kyrgyzstan and citizen of Russia, entered the United States on February 8, 2017. Amended Pet. at 15; Doc. 16-1 at 1 (Notice to Appear).[3] Petitioner alleges that shortly thereafter, ICE initiated removal proceedings against him and issued him a Notice to Appear. Amended Pet. at 15; Resp. at 19. While those proceedings were pending, Petitioner filed an Asylum Application. Amended Pet. at 15; Resp. at 19; Doc. 28 at 14 (Acknowledgement of Receipt of Petitioner's Asylum Application). Although the record is unclear on this point, Petitioner appears to have been released upon his own recognizance pursuant to § 1226(a) during the pendency of these early immigration proceedings.[4]

---

[3] Page citations reference the Court's ECF pagination.

[4] In his Amended Petition, the sentence containing Petitioner's allegations regarding his initial interactions with immigration authorities is incomplete. It reads in full: "Soon after, Respondents initiated removal proceedings against Petitioner under 8 U.S.C. § 1229a and filed his Notice to Appear with the[.]" Amended Pet. at 15. The referenced Notice to Appear is not included as an exhibit to any of the filings in this matter, and Respondents relied on Petitioner's factual allegations in his Amended Petition in their own statement of facts. *See* Resp. at 19 (citing Petitioner's Amended Petition in relaying the facts of his case). The haziness surrounding Petitioner's original interactions with ICE is compounded by his Application for a Temporary Restraining Order, in which he alleges that he "arriv[ed] in this country in 2023." Doc. 8 at 8. Petitioner later withdrew his Application for a Temporary Restraining Order; in his Notice of Withdrawal he explained that the Application contained "template text and factual references that are not part of [his] case." Doc. 29 at 1. Among those erroneous factual references, the Notice of Withdrawal averred, were allegations regarding a "prior release on recognizance in 2017 followed by a later 're-detention' requiring a changed-circumstances analysis." *Id.* at 1-2. Instead, Petitioner claimed, the "corrected record" should reflect he "lived openly in the United States for approximately eight years before ICE *first* detained him in Oklahoma on or about November 17, 2025" and he "was not apprehended at a border or port of entry." *Id.* at 2 (emphasis added). However, while this statement of Petitioner's circumstances directly

On or about November 19, 2025, ICE apprehended Petitioner.[5]  Amended Pet. at 15; Resp. at 19.  Also on or about November 19, 2025, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Amended Pet. at 15; Resp. at 19; Doc. 16-1 at 1.  At some point thereafter, Petitioner filed an updated Application for Asylum and for Withholding of Removal.  Amended Pet. at 15; Doc. 16-2 (confirming Petitioner's Asylum Application).

Respondents allege Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 10.  Sometime after he was detained, Petitioner was denied a bond hearing by an Immigration Judge ("IJ") because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds that those who entered the country without admission or parole are ineligible for a bond hearing.  Resp. at 19.  On December 29, 2025, the IJ denied Petitioner's counseled "request for bond

---

conflicts with the allegations in his Amended Petition, he expressly disclaimed an intention to withdraw any aspect of his Amended Petition.  *See id.* at 2 ("This Notice does not withdraw the pending Petition for a Writ of Habeas Corpus . . . .").  However, because § 1226(a) governs Petitioner's current detention regardless of whether he was previously detained and then released upon his own recognizance in 2017 or encountered by ICE for the first time on or about November 17, 2025, *see Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026), the undersigned declines to resolve this factual ambiguity.

[5] Petitioner's allegations are inconsistent on this point, as well.  Petitioner alleges in his Amended Petition he was arrested by ICE "on or around November 19, 2025," Amended Pet. at 15, but claims in his Notice of Withdrawal "ICE first detained him in Oklahoma on or about November 17, 2025."  Doc. 29 at 2.  ICE issued Petitioner a Notice to Appear on November 19, 2025.  Doc. 16-1 at 1.

3

redetermination" on the basis that the IJ lacked jurisdiction and, in the alternative, that Petitioner posed a "flight risk." Amended Pet. at 15-16; Resp. at 19.

Thereafter, a Petition for a Writ of Habeas Corpus was filed on Petitioner's behalf in this Court. Doc. 1. Because the petition was filed by an individual purporting to be acting as Petitioner's "next friend" pursuant to *Whitmore v. Arkansas*, 495 U.S. 149 (1990), but who did not meet the stringent requirements for next friend standing, the undersigned ordered Petitioner to file an amended petition. Doc. 5. Petitioner did so, filing a *pro se* Amended Petition on January 27, 2026. Doc. 7. The undersigned ordered a Response, which Respondents filed on February 12, 2026. Doc. 16. Thereafter, counsel for Petitioner entered an appearance, Doc. 22, and the undersigned granted Petitioner leave to file a Reply out of time, Doc. 26. Respondent filed a Reply on March 27, 2026, Doc. 27, and a Supplemental Notice of Evidence and Authority in Support of Immediate Release on June 15, 2026, Doc. 28, to which Respondents filed a Response on June 25, 2026, Doc. 31.

On May 11, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 9, 2026). However, Petitioner has appealed the removal order to the Board of Immigration Appeals, which has not yet ruled on his appeal. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1(c).

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Amended Pet. at 2. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 9, 2026).

## II.   **Petitioner's Claims**

Petitioner asserts five counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and his continued detention under § 1225(b)(2) violates the INA as well as the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).[6]  Amended Pet. at 16-17.

- **Count II: Violation of the INA.**  Petitioner alleges that he is entitled to a bond hearing pursuant to § 1226(a) and his continued detention under § 1225(b)(2) violates the INA and the temporary restraining order in *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720, 2025 WL 2962908 (D. Colo. Oct. 17, 2025).[7]  Amended Pet. at 17-19.

- **Count III: Violation of the INA.**  Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to those, like him, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings. Amended Pet. at 19-20.

---

[6] In *Maldonado Bautista,* a federal judge in the Central District of California certified a class of all noncitizens without lawful status present in the United States who (1) entered without inspection, (2) were not apprehended upon arrival, and (3) are not subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 when the initial custody determination is made.  The judge entered declaratory relief that all members of the certified class were detained in immigration custody under § 1226(a) and not § 1225(b)(2).

[7] Petitioner incorrectly characterizes the decision in *Mendoza Gutierrez*, a District of Colorado case, as a partial grant of summary judgment.  Amended Pet. at 17.  In fact, that case has not yet proceeded past the motion to dismiss stage.  Thus far, and as relevant here, the court issued a temporary restraining order prohibiting the government from removing the named petitioner or a putative class of noncitizens during the pendency of the case. *Mendoza Gutierrez v. Baltasar*, 2025 WL 2962908, at \*14.  The court later conditionally certified a class comprising individuals subject to the jurisdiction of a Colorado-based Immigration Court who (1) have not been admitted or paroled into the United States, (2) were arrested in the interior of the United States, and (3) are being detained based on the government's assertion that they were subject § 1225(b)(2)(A).  *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720, 2025 WL 3251143 (D. Colo. Nov. 21, 2025).

- **Count IV: Violation of ICE Regulations.**  Petitioner alleges his detention without a bond redetermination hearing violates 8 C.F.R. §§ 236.1(c), 1236.1, and 1003.19.  Amended Pet. at 20-21.

- **Count V: Violation of Due Process**.  Petitioner alleges his continued detention without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process.  *Id.* at 24.

He asks the Court to "issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody within three days."  Doc. 10 at 1 (citation modified).[8]

## III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.   Analysis

### A.   The Court has jurisdiction to consider the Petition.

Respondents first argue this Court lacks jurisdiction to consider Petitioner's claims, based on 8 U.S.C. §§ 1252(g) and 1252(b)(9).  Resp. at 13-14.  However, Judges of this District have consistently ruled the INA "does not jurisdictionally bar" a habeas claim like Petitioner's because such a claim does not arise from and "does not challenge Respondents'

---

[8] Due to a docketing error, two pages that should have been included with the Amended Petition were included as part of another docket entry.  Doc. 9.  Those two pages, which include a portion of Petitioner's prayer for relief, signature, and verification, are filed as docket entry 10.

decision to commence or adjudicate proceedings or execute removal orders." *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025); *see also Gonzalez Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) (same); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *4-5 (W.D. Okla. Dec. 26, 2025) (same); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025) (same); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *2 (W.D. Okla. Dec. 8, 2025) (same); *Escarcega v. Olson*, No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025) (same). *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (expressing "grave doubts over whether it has subject matter jurisdiction" but assuming it had jurisdiction to proceed to the merits). The undersigned agrees with the majority of Judges of this District, including this Court, in finding that jurisdiction exists to consider Petitioner's habeas challenges to detention.

**B.      Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," applicants for admission "shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes

7

detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond

hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations

provide that aliens detained under § 1226(a) receive bond hearings at the outset of

detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and

violates the INA because he was previously conditionally paroled under § 1226(a).

Amended Pet. at 20. Respondents maintain Petitioner is properly detained under

§ 1225(b)(2)(A). Resp. at 10-11.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as

urged by Respondents and applied § 1226(a) to govern detention of noncitizens like

Petitioner. *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at

*4-17 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those

who entered the United States without admission and who have lived here since are

categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation

modified). Accordingly, "noncitizens who entered the United States and were thereafter

detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for

bond), not § 1225(b)(2)(A)." *Id.* at *5. Therefore, based on Tenth Circuit precedent, the

undersigned recommends the Court apply § 1226(a) to govern Petitioner's current

detention. *See Celik v. Blanche*, No. CIV-26-00248-JD, 2026 WL 1908095, at *1 (W.D.

Okla. July 2, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[9]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A).  *Santillan Quiroz*, 2026 WL 1876709, at *6 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

Accordingly, the Court should apply § 1226(a) to govern Petitioner's detention.

### C.    *Maldonado Bautista* and *Mendoza Gutierrez* do not impact the outcome of this case.

Petitioner asserts he is "a member of the Bond Eligible Class" in *Maldonado Bautista*.  Amended Pet. at 17.  The Court should find *Maldonado Bautista* has no impact on this Court's habeas decision.  Although Petitioner would be impacted by that court's declaratory relief, habeas relief would only be afforded to class members located within the boundaries of the Central District of California.  *See Maldonado Bautista v. Santacruz,*

---

[9] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).  In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).  Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

2025 WL 3713987, at *30 (C.D. Cal. Dec. 18, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) for the proposition that habeas jurisdiction lies "in only one district: the district of confinement"), *judgment entered sub nom. Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Similarly, Petitioner claims he "falls within the class" in *Mendoza Gutierrez* and therefore is entitled to a bond hearing. Amended Pet. at 19. The Court should likewise find that *Mendoza Gutierrez* has no impact on this Court's habeas decision. The only relief requested in *Mendoza Gutierrez* and applicable to Petitioner is a declaration that members of the class are entitled to a bond hearing. Second Amended Complaint at 26, *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR (D. Colo. Feb. 6, 2026). As Respondents correctly note, the District of Colorado has not yet issued a final judgment in *Mendoza Gutierrez*. Resp. at 18. Even if it had, because the Tenth Circuit has already said that immigration detainees in Petitioner's position are held pursuant to § 1226(a) and entitled to a bond hearing, the Court need not address whether *Mendoza Gutierrez* applies to Petitioner, because the requested relief in that case is no more than that to which binding Tenth Circuit precedent already indicates Petitioner is entitled.[10]

---

[10] Respondents urge the Court to dismiss Counts I and II of the Amended Petition for "impermissible claim splitting" as Petitioner's membership in the *Maldonado Bautista* and *Mendoza Gutierrez* classes means he is asserting "three effectively identical suits against the Respondents, based on the same facts and seeking the same relief." Resp. at 35-36. Assuming Petitioner would be covered by the declaratory judgment in *Maldonado Bautista* (and any declaratory judgment that may be subsequently issued in *Mendoza Gutierrez*), only this Court may grant him habeas relief. *Padilla*, 542 U.S. at 443. Because Petitioner is seeking different relief than he would be entitled to under *Maldonado Bautista* and

### D.    The most Petitioner is entitled to is a bond hearing, but such a hearing already occurred.

Petitioner does not request a bond hearing and instead asks the Court to "[i]ssue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately." Doc. 10 at 1. Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).[11] *See Celik v. Blanche*, No. CIV-26-00248-JD, 2026 WL 1908095, at *1 (W.D. Okla. July 2, 2026) (ordering the government to provide the petitioner with a bond hearing under § 1226). As Judge Russell in this District has explained, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the

---

*Mendoza Gutierrez*, the Court should decline Respondents' invitation to dismiss Counts I and II on this basis.

[11] In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures. *See, e.g., Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1-2 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's immediate release and stating "while the Attorney General has authority to revoke bond at any time under 8 U.S.C. § 1226(b), if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance") (citation modified). However, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority"). Therefore, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

11

noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (citation modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified).

However, Petitioner has already received a bond hearing, and this Court cannot review the discretionary determination of the IJ. The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community. 8 C.F.R. § 236.1(c). Section 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt,* No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to

make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

Petitioner did not provide the Court with any evidence of the contents of the IJ's bond determination order other than his own characterizations of it.[12] The available evidence indicates the IJ determined Petitioner should be detained because he posed a flight risk. Amended Pet. at 3-4. While Petitioner asserts the IJ's risk-of-flight "determination . . . was made without any inquiry" into Petitioner's specific circumstances, *id.* at 4, he has provided the Court with no record evidence to support this assertion. As in *Kumar*, "Petitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof." 2026 WL 753944, at *2. Thus, "he has not shown that the decision was somehow legally erroneous or unconstitutional." *Id.*[13] Accordingly, "the Court lacks jurisdiction to reconsider the IJ's discretionary decision," *id.* (citation modified), to deny bond.

---

[12] Although Petitioner referenced the bond determination order repeatedly in his filings, *e.g.*, Amended Pet. at 3-4; *id.* at 16; Doc. 27 at 21 n.4; Doc. 28 at 3; *id.* at 5-6, he did not include the order as an exhibit. Likewise, in discussing the contents of the order, Respondents relied on Petitioner's characterization of it. *E.g.*, Resp. at 19.

[13] Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified); *see also Kumar*, 2026 WL 753944, at *2 (noting petitioner's arguments about the potential adequacy of the bond hearing, such as the denial of an opportunity to present evidence or the IJ's application of an improper burden of proof, were too undeveloped to warrant habeas relief); *Perez*, 2026 WL 597126, at *6 n.11 (noting petitioner did not allege the bond hearing was unconstitutional, such as raising a claim about the "impropriety of burden allocation at the bond hearing"). However, the Amended Petition does not allege Petitioner's bond hearing was constitutionally deficient. Instead, it claims only that the IJ's determination that the

### E.    The Court should deny Petitioner's remaining claims.

Petitioner also argues that his continued detention without a bond hearing violates ICE's regulations and his rights to due process.  Amended Pet. at 20-24.  If the Court adopts the undersigned's recommendation that Petitioner be denied relief under the INA, the Court should deny relief on Petitioner's remaining claims because, at most, he would only be entitled to relief in the form of a bond hearing, which he has already received.  *Accord Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *Valdez*, 2025 WL 3709021, at *3 n.2 (same).

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Amended Petition, Doc. 7, for habeas relief.  The parties are advised of their right to object

---

Immigration Court lacked jurisdiction to hear Petitioner's custody redetermination request violated his due process rights.  Amended Pet. at 22, 24.  Petitioner does not claim the process afforded him at the bond hearing was constitutionally inadequate.  *See Kumar*, 2026 WL 753944, at *2; *Perez*, 2026 WL 597126, at *6 n.11; *see also Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *9 & n.9 (W.D. Okla. Apr. 3, 2026) (recommending denial of habeas relief to petitioner who had a prior bond hearing and "nowhere alleges [in his petition] that the IJ used the wrong burden of proof" or otherwise violated the law at the prior bond hearing) (R&R), *adopted*, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026).  In a subsequent filing, Petitioner asserted that the IJ's determination that Petitioner posed a flight risk was a "bare . . . label" and that the IJ did not "actually consider the evidence, apply a legally correct standard, [or] explain the evidentiary basis for continued detention."  Doc. 28 at 5.  Petitioner supplied no evidence for those claims, and even if he had, that argument was too late and improperly raised for the first time in his Supplemental Notice.  *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) (recognizing "general rule" "that a party waives issues and arguments raised [] for the first time" in a reply brief); *Stillwater Designs & Audio Inc. v. Klein*, No. CIV-24-784-SLP, 2025 WL 365651, at *2 n.7 (W.D. Okla. Jan. 31, 2025) (declining to consider arguments raised for the first time in reply).

14

to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 23, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 30, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 9th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

15