**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RASUL TAGIROV,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, ET AL.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-00003-JD |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Chris M. Stephens. [Doc. No. 32]. Petitioner Rasul Tagirov filed objections to the R. & R. [Doc. No. 33]. The Court ordered Respondents to file a response to Petitioner's objections [Doc. No. 34], and Respondents filed a Response. [Doc. No. 35]. For the reasons outlined below, the Court accepts the R. & R.

## I. BACKGROUND

Petitioner, a noncitizen and Kyrgyzstani national proceeding with counsel, filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). [Doc. No. 7]. The Court referred this matter to United States Magistrate Judge Chris M. Stephens for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)–(C). [Doc. No. 4].

Judge Stephens issued the R. & R. recommending that the Court deny Petitioner's Amended Petition for habeas relief. [Doc. No. 32 at 1, 14]. In the R. & R., Judge Stephens reviewed and analyzed Petitioner's claims, including that 28 U.S.C. § 1226(a)

applies to Petitioner's detention, that Petitioner is "a member of the Bond Eligible Class," and that his continued detention without a bond hearing violates ICE regulations and his right to due process. [*Id.* at 7–14]. The R. & R. concluded that, pursuant to the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), § 1226(a) governs Petitioner's detention. [*Id.* at 8–9]. The R. & R. rejected Petitioner's claim that he is a member of a bond eligible class under *Maldonado Bautista*[1] and *Mendoza Gutierrez*.[2] The R. & R. then determined that it could not order any relief for Petitioner because § 1226(a) would only entitle him to a bond hearing, which he already had received. [Doc. No. 32 at 11–13]. Lastly, the R. & R. recommended that the Court should deny Petitioner's remaining claims: "If the Court adopts the undersigned's recommendation that Petitioner be denied relief under the INA, the Court should deny relief on Petitioner's remaining claims because, at most, he would only be entitled to relief in the form of a bond hearing, which he has already received." [*Id.* at 14].

Judge Stephens advised Petitioner of his right to object to the R. & R. by filing an objection with the Clerk of Court by July 23, 2026, and explained that failure to timely object to the R. & R. waives appellate review of the recommended ruling. [*Id.* at 14–15 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))].

---

[1] *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

[2] *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025).

Petitioner filed timely objections. Petitioner objected to the R. & R.'s conclusion that Petitioner had already received a bond hearing:

> The December 29, 2025 IJ ruling was not a § 1226(a) bond hearing. As the R&R itself recounts, the IJ denied Petitioner's counseled request for a custody redetermination because the IJ believed that Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), deprived the Immigration Court of jurisdiction. The alternative statement that Petitioner would pose a flight risk if jurisdiction existed did not transform the jurisdictional ruling into a lawful individualized § 1226(a) determination. It was an alternative observation made under the IJ's mistaken premise that no § 1226(a) hearing was available.

[Doc. No. 33 at 3–4 (internal citation omitted)]. Petitioner also objected to the R. & R.'s conclusion that Petitioner did not claim that the process afforded at the bond hearing violated his due process rights. [*Id.* at 4–5].

The Court ordered Respondents to file a response to Petitioner's objections. [Doc. No. 34]. Specifically, the Court ordered Respondents to address "whether Petitioner received a bond hearing that is consistent with the requirements of § 1226(a)." [*Id.* at 1].

Respondents filed a Response, in which they stated that Petitioner did receive a bond hearing and that Petitioner had not met his burden of showing that the hearing was constitutionally inadequate. [Doc. No. 35 at 1–4]. Respondents' review of the recording of the hearing confirmed that the Immigration Judge ("IJ") did inquire into Petitioner's specific circumstances. [*Id.* at 4; Doc. Nos. 35-2 and 36, Digital Audio Recording]. Additionally, at the Department of Homeland Security's request, another bond hearing for Petitioner is scheduled for August 21, 2026. [Doc. No. 35 at 4; Doc. No. 35-3, Notice of Hearing].

## II. STANDARD OF REVIEW

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). Because Petitioner has submitted timely and specific objections, the Court conducts a de novo review of the portions of the R. & R. to which Petitioner objects.

## III. ANALYSIS

The R. & R. concluded that § 1226(a) applies to Petitioner's detention. [Doc. No. 32 at 7–9]. Respondents have not objected to this conclusion. The R. & R. then determined that § 1226(a) would only entitle Petitioner to a bond hearing, which he already had. [*Id.* at 11–13 ("Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).")]. As discussed in Petitioner's objections, Petitioner stated in his Amended Petition that he did not receive an adequate

bond hearing. [*See* Doc. No. 7 ¶ 56].[3] The R. & R. considered this allegation and concluded that Petitioner had not provided record evidence to support that the IJ made the determination that he was a flight risk without inquiry into Petitioner's specific circumstances. [Doc. No. 32 at 13]. In light of Respondents' Response and related exhibits, the Court concludes that Petitioner has not met his burden of demonstrating that his bond hearing was constitutionally inadequate. Even if he had, Petitioner's claim would now be moot in light of the bond hearing scheduled on August 21, 2026. [*See* Doc. No. 35 at 4; Doc. No. 35-3, Notice of Hearing].

For these reasons, and upon its de novo review, the Court ACCEPTS the Report and Recommendation and denies Petitioner's Amended Petition for habeas relief. A separate judgment will follow.

IT IS SO ORDERED this 20th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

[3] "On December 29, 2025, an Immigration Judge at Aurora Immigration Court declined to conduct an individualized bond hearing for Petitioner based on finding of 'no jurisdiction', notwithstanding controlling declaratory rulings holding that bond-eligible noncitizens are governed by 8 U.S.C. § 1226(a) and entitled to individualized custody determinations." [Doc. No. 7 ¶ 56].